UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN EUGENE COLSON,<br><br>Defendant. | Case No. 3:18-cr-05077-TMC-2<br><br>ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant Brian Eugene Colson's motion for early termination of supervised release. Dkt. 311. The Court has considered Mr. Colson's motion, the response from the United States (Dkt. 312), the memorandum from Mr. Colson's probation officer (Dkt. 313), and the underlying record of Mr. Colson's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3583(e) and § 3553(a) support Mr. Colson's continued supervision, the Court DENIES the motion.

## I.    BACKGROUND

Mr. Colson pleaded guilty in 2018 to Conspiracy to Distribute Methamphetamine. Dkt. 104, 105. He was sentenced to 90 months in custody followed by 48 months of supervised release. Dkt. 125. He began supervised release on February 22, 2024 and has had only one violation in December 2025 for consuming alcohol. Dkt. 307, 313. The parties agree that

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 1

Mr. Colson has performed well on this term of supervised release. He has had only one minor violation, has maintained employment, and has regained custody of his son. *See* Dkt. 311 at 2. The probation offices notes, however, that Mr. Colson has an extensive criminal history, including multiple convictions related to controlled substances as well as burglary, assault, and driving under the influence. Dkt. 313 at 2. This is his second federal drug trafficking felony, and his previous term of supervised release was revoked twice for serious violations. The probation office takes the position that supervised release provides Mr. Colson with the necessary structure and accountability to live a productive and prosocial life; probation and the United States therefore oppose early termination. Dkt. 312, 313.

## II.    DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may end a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 2

provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. Colson. In this case, the most significant factors are the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public, and the need to provide Mr. Colson with correctional treatment. While the Court commends Mr. Colson for the progress he has made during this term of supervised release—particularly restoring his relationship with his son—the Court agrees with probation that the structure and supervision of this portion of Mr. Colson's sentence are likely important for maintaining that progress. While Mr. Colson should be proud of his accomplishments, the interests of justice and the purposes of sentencing support his continued supervision at this time.

### III.   CONCLUSION

For these reasons, the Court DENIES Mr. Colson's motion for early termination of supervised release (Dkt. 311). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 16th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE - 3